Flora Gill
vs.                No. 91938.
Antonio Cimino

September 15, 1934.

JOSLIN, J. This action is brought to recover damages for injuries alleged to have been suffered by the plaintiff. It is heard by the Court without the intervention of a jury.

On December 10, 1932, the plaintiff was walking along Columbus Avenue in Boston, Massachusetts, near the intersection of Ruggles Street. At the same time the defendant was operating his automobile at the said intersection.

The action is predicated upon the alleged negligent operation of his automobile by the defendant resulting in the plaintiff being struck, knocked to the ground, and suffering injuries in consequence thereof.

The principal question which the Court is called upon to decide is whe-

ther, in fact, there was a collision between said automobile and the plaintiff. The plaintiff claims that there was; the defendant maintains there was no collision but that the plaintiff slipped and fell before the automobile reached her.

There was a light snow and sleet falling and the roadway was wet and icy. The light was good. Columbus Avenue is about forty feet wide; Ruggles Street is thirty feet wide.

The plaintiff was crossing Columbus Avenue and had reached a point about ten feet from the opposite sidewalk. The plaintiff testified that just prior to being struck she observed the approaching automobile which was then two feet distant. Before she could do much, she says, the front end of the automobile struck her and she fell to the ground. As she tried to rise, she claims the automobile skidded, turned around and she was struck again by its rear end.

At the scene of the accident there was another automobile containing four police officers. The plaintiff was picked up by one of the officers and taken to her home. Officer Keough testified that the defendant's automobile struck the plaintiff in about the way the plaintiff described it; that the automobile was travelling at the rate of twenty-five or thirty miles an hour as it reached the intersection; that there was no dimunition of speed at the time of the collision; that immediately after the accident he talked with the defendant, taking his license and registration; and that the windshield was covered with ice and snow.

As above stated, the defendant denies that there was a collision. He claims that he was on his way to his home in Providence; that when he was forty feet distant from the plaintiff, he saw her fall to the ground; that he then applied his brakes, skidded, turned to the left; that when he came to a stop, she was three or four feet from him; that he was taken to the police station by Sergeant Driscoll and then permitted to depart without any charge being placed against him. In fact, no charge ever was made against him for reckless driving. The defendant was corroborated by an occupant of the car.

Sergeant Driscoll was called by the defendant. He testified that he saw the plaintiff cross Columbus Avenue and fall when the automobile was fifty or sixty feet distant from her; that the automobile skidded, turned to the left and stopped before it reached her, and that he directed the defendant and said occupant to report to the police station. He further testified that the plaintiff made no complaint to him about being struck.

The other two officers did not testify although the Court adjourned the hearing two times to afford the plaintiff an opportunity to present them. At the request of plaintiff's counsel, the Court wrote to the Police Commissioner of Boston, suggesting the importance of the testimony of these two officers, and requesting that they be excused for attendance at the trial.

The conflict in the testimony of Sergeant Driscoll and Officer Keough may be explained by the respective opportunities for observation. Keough sat in the rear of the automobile; Driscoll sat in the front. In the opinion of the Court Driscoll is not only a disinterested witness but one who could well see what occurred. It would be safer to follow his testimony than that of Keough. Furthermore, if there had been a collision in the manner alleged by the plaintiff, it is inconceivable that the officer would not have held the defendant on the charge of reckless driving.

Upon a consideration of all the evidence and the circumstances, it is our opinion that there was no collision, and that the plaintiff received her injuries as a result of her slipping on

the icy pavement, in no way caused by the negligence of the defendant.

Decision for the defendant .

For plaintiff: J. Raymond Dubee.

For defendant: Michael Addeo.